IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARY MACCARTHY,
M.M., a minor child,

      Plaintiffs,

v.

SOUTHWEST AIRLINES, INC.

      Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs Mary MacCarthy and M.M., by and through her counsel, David A. Lane of KILLMER, LANE & NEWMAN, LLP, respectfully allege for their Complaint and Jury Demand as follows:

**I. INTRODUCTION**

1.     On October 22, 2021, Mary MacCarthy, who is White, and her daughter, M.M., who is Black, were traveling on a Southwest Airlines flight from California to Denver in order to attend the funeral of Ms. MacCarthy's brother. Unbeknownst to Ms. MacCarthy, while they were in the air, a Southwest employee called the Denver Police Department to report Ms. MacCarthy for suspected child trafficking for no reason other than the different color of her daughter's skin from her own. There was no basis to believe that Ms. MacCarthy was trafficking her daughter

and the only basis for the Southwest employee's call was the belief that Ms. MacCarthy's daughter could not possibly be her daughter because she is a biracial child.

2. As Ms. MacCarthy and her daughter began to walk down the jet bridge to the terminal at Denver International Airport they were confronted by Denver Police Department officers. The officers began questioning Ms. MacCarthy and made it clear that they were given the racially charged information that Ms. MacCarthy's daughter was possibly being trafficked by her simply because Ms. MacCarthy is White and her daughter is Black. After significant questioning, during which Ms. MacCarthy's daughter began to break down in tears, Ms. MacCarthy was eventually allowed to leave by the officers, but not before this display of blatant racism by Southwest Airlines caused Ms. MacCarthy and her daughter extreme emotional distress. Ms. MacCarthy and her daughter bring this action against Southwest Airlines alleging violations of 42 U.S.C. § 1981.

## II. JURISDICTION AND VENUE

3. This action is brought under 42 U.S.C. § 1981. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4. Jurisdiction supporting Plaintiff's claims for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## III. PARTIES

6. Plaintiff Mary MacCarthy is a citizen of the United States, and was at all relevant times a resident of, and domiciled in, the State of California.

7. Plaintiff M.M. is a citizen of the United States, and was at all relevant times a resident of, and domiciled in, the State of California.

8. Defendant Southwest Airlines is a corporation incorporated in the State of Texas doing business in Colorado. At all times relevant to the subject matter of this Complaint, Defendant Southwest Airlines owned and operated an airline and place of public accommodation.

## V. FACTUAL ALLEGATIONS

9. Plaintiff MacCarthy, who is white, and her 10-year-old daughter, Plaintiff M.M., who is Black, flew from San Jose, California, to Denver on October 22, 2021, to be with family after the sudden death of Plaintiff MacCarthy`s older brother the night before.

10. Unbeknownst to Plaintiff MacCarthy and Plaintiff M.M., while they were flying from San Jose to Denver, a Southwest employee racially profiled them. The Southwest employee determined that Plaintiff MacCarthy was possibly trafficking her daughter simply because Plaintiff MacCarthy is White and Plaintiff M.M. is Black. Because of this racist assumption, the Southwest employee called the Denver Police Department and asked that officers be in Denver upon arrival to stop and interrogate Plaintiff MacCarthy and Plaintiff M.M. The Southwest employee on the plane reported Plaintiff MacCarthy to the police without any conversation or contact with either Plaintiff which would have raised suspicions in the mind of a reasonable person

11. There was no basis to believe that Plaintiff MacCarthy was trafficking Plaintiff M.M.

3

12. As Plaintiff MacCarthy and Plaintiff M.M. were de-planeing at Denver International Airport, they were immediately approached by two armed Denver Police Department officers on the jet bridge. Plaintiff MacCarthy and Plaintiff M.M were prevented by the Denver Police from exiting through the jetway and into the terminal.

13. At first, Plaintiff MacCarthy feared the police were there to tell her about another death in her family. The two officers started talking to Plaintiff MacCarthy and her daughter, separately. The officers informed them that they wanted to question Plaintiff MacCarthy and her daughter because a Southwest Airlines employee had reported them as suspicious and Plaintiff MacCarthy as a potential human trafficker.

14. As the officers spoke with Plaintiff MacCarthy, Plaintiff M.M. began to sob, fearing that she and/or her mother were in legal trouble for some reason.

15. Plaintiff MacCarthy explained why they were traveling and that Plaintiff M.M., who sobbed through the entire incident, was indeed her daughter. Plaintiff MacCarthy also gave the officers her identification. The officers and employee eventually let Plaintiff MacCarthy go, but not until she explained why she was traveling and gave her identification.

16. The entire incident made an already difficult day even harder for Plaintiff MacCarthy and Plaintiff M.M. It was extremely traumatic for Plaintiff M.M. To this day, whenever the incident is mentioned, Plaintiff M.M. goes silent and does not speak about it.

17. The whole incident was based on a racist assumption about a mixed-race family. This is the type of situation that mixed-race families and families of color face all too frequently while traveling.

18. The incident involving Plaintiff MacCarthy was not the only time that Southwest employees have racially profiled mixed-race families and reported them to law enforcement based on the racist belief that a mixed-race family traveling together must be involved in human trafficking.

19. On January 2, 2021, Southwest employees pulled Luca Guerreri, a White man, off of a plane for questioning simply because he was traveling with his Black daughter. Luca Guerreri was travelling home after visiting his grandmother, who was dying of pancreatic cancer. Southwest again claimed that the fact that a White parent was traveling with a Black child was evidence, in and of itself, of human trafficking. Mr. Guerreri sent a complaint to Southwest, placing them on notice of the racist behavior of their employees. However, as evidenced by the incident involving Plaintiff, clearly Southwest did not take steps to correct the racist assumptions its employees make about mixed-race families traveling together.

## VI. STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1981
### Race Discrimination in Performance of Contracts

20. Plaintiffs hereby incorporate all paragraphs of this Compliant as though fully set forth herein.

21. Plaintiffs have a claim against Defendant under 42 U.S.C. § 1981. *See Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257 (D. Kan. 2003).

22. Plaintiffs are members of a protected class under 42 U.S.C. § 1981.

23. Plaintiff had a contract with Defendant for airline travel within the meaning of 42 U.S.C. § 1981.

24. Plaintiffs met Defendant's standard requirements for airline travel.

25. Defendant denied Plaintiffs the use of airline travel that were available to customers outside of the protected class, effecting a denial of the benefits of Plaintiffs' contract with Defendant.

26. Because Defendant denied Plaintiffs the ability to de-plane without being confronted by police officers, the benefit of traveling through the jet bridge into the terminal without being detained by the police, and the privilege of utilizing the full services of Defendant's without being subjected to racial harassment, Defendant's staff interfered with the full performance, benefits, and privileges of Plaintiffs' contract.

27. Defendant took actions against Plaintiffs because Plaintiff MacCarthy is White and Plaintiff M.M. is biracial and was perceived as Black.

28. Defendant intentionally discriminated against Plaintiffs because of their race.

29. Plaintiffs' race was a but-for cause of Defendant's adverse actions against them.

30. Because Defendant's employees had discriminatory motivation for their conduct toward Plaintiffs, thereby denying Plaintiffs the enjoyment of all benefits, privileges, terms, and conditions of Plaintiffs' contractual relationship with Defendant, Defendant is liable under 42 U.S.C. § 1981.

31. Defendant is liable for the acts and/or omissions of its agents and employees. Defendant, either directly or by and through its agents, intentionally discriminated against Plaintiffs on the basis of their race.

32. As a direct and proximate result of Defendant's discriminatory treatment, Plaintiffs have suffered significant injuries, damages, and losses.

33. Plaintiffs suffered damages due to Defendant's unlawful conduct.

34. Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally protected rights, and Defendant engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's federally protected rights.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in her favor and against Defendant, and award her all relief as allowed by law, including, but not limited to, the following:

a. Declaratory relief and injunctive relief, as appropriate;

b. Actual economic damages as established at trial;

c. Compensatory damages, including, but not limited to those for past, present, and future pecuniary and non-pecuniary losses, emotional distress, suffering, inconvenience, mental anguish, and other non-pecuniary losses;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e. Punitive and exemplary damages to the full extent available under the law;

f. Attorney's fees and costs; and

g. Such further relief as justice requires.

**PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 3rd day of August, 2023.

KILLMER, LANE & NEWMAN, LLP

*s/ David A. Lane*
David A. Lane

7

1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@kln-law.com

*Attorney for Plaintiffs*

8